IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Muangmol Asanok, Bunthom Fakthaisong, )
Manat Inthirit, Waeo Kaewsang, Sonthaya )
Kamonkhorn, Worawut Khansamrit, Jaroon )
Kitjakan, Chinnawat Kompeemay, Thongsuk )
Manichantha, Poochit Naentaisong, Suradet )
Phaengbutdee, Thana Phakhokthom, Bunmee )
Phaniphat, Montree Phothi, Pornpot )
Phromchuen, Suppachai Phromwong, Nathee )
Simluang, Somboon Teebnoidee, Surachai )
Wannasiri, Pradit Wiangkham, Narin )
Yiamcharoen, and Surachi Yot On, )
                                                  )
        Plaintiffs, )
                                                  )     CIVIL ACTION NO.
                                                  )       5:07-CV-48 BO
vs. )
                                                  )
Million Express Manpower, Inc., Seo )
Homsombath, Roy Raynor, Sombourne )
Chinlasith, Million Express Manpower, Ltd., )
and Tsai Rong-Fa, )
                                                  )
        Defendants. )

**ORDER ON PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT AND
ASSESSMENT OF DAMAGES AGAINST DEFENDANTS**

Upon motion, request, and proper showing by counsel for Plaintiffs in the above styled action for default judgment pursuant to Rule 55(b) of the North Carolina Rules of Civil Procedure, and default judgment is hereby entered against all Defendants.

Defendants were personally served a summons in this action and failed to respond in the time allowed. Entry of Default was then ordered against each Defendant. Pursuant to Rule 55(b)(2) of the North Carolina Rules of Civil Procedure, Plaintiffs have applied to the Court for

judgment, and have submitted affidavits to detail the specific sum of damages owed them by Defendants. Defendants' failure to serve a written response in the time allotted by Rule 55(b)(2)(b) allows this Court to decide this motion without a hearing.

Defendants' failure to answer or otherwise defend constitutes an admission of all averments in Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 8(d). Together with Defendants' admissions from the complaint and its attached exhibits, including the "Employment Contract" between Defendants and Plaintiffs, Plaintiffs have submitted declarations and other proof, detailing their damages. Plaintiffs have dismissed their claims under the Fair Labor Standards Act and the common law of misrepresentation. Plaintiffs have provided sufficient support for the judgment they seek on their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§1961 et seq., the Trafficking Victims Protection Act, 18 U.S.C. §§ 1595, 1589, and 1590, and the common law of contracts. Plaintiffs have shown the following:

1. Defendants Million Express Manpower, Inc, Seo Homsombath, Roy Raynor, Sombourne Chinlasith, Million Express Manpower, Ltd. and Tsai Rong-Fa owe Plaintiffs treble damages resulting from trafficking and forced labor predicate act violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §§ 1961 et seq.;

2. Plaintiffs' RICO damages include the following:

    a. Plaintiffs' recruitment fees, visa fees and transportation costs;

    b. interest Plaintiffs paid on the loans they secured to pay Defendants their recruitment fees, visa fees and transportation costs; and

    c. Plaintiffs' unpaid wages for their labor for Defendants in New Orleans;

3. Defendants Millions Express Manpower, Inc, Seo Homsombath, Roy Raynor, Sombourne Chinlasith, and Million Express Manpower, Ltd. owe Plaintiffs actual damages stemming from Defendants' breach of contract obligations to Plaintiffs;

4. Plaintiffs' contract expectation damages are their promised earnings under the "Employment Contract", Exhibit 2 attached to the Amended Complaint, minus the amount Plaintiffs were able to mitigate and minus actual damages that Plaintiffs have been awarded under the RICO for the wages Defendants' failed to pay them for their labor in New Orleans.

5. Damages stemming from Plaintiffs' claims under the Trafficking Victims Protection Act are subsumed in the calculations set forth above.

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion for Judgment by Default is allowed and further ordered as follows:

    a. Defendants Million Express Manpower, Inc., Seo Homsombath, Roy Raynor, Sombourne Chinlasith, Million Express Manpower, Ltd. and Tsai Rong-Fa are jointly and severally liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for the following amounts to be paid to each plaintiff, plus interest from the date of this judgment until paid:

        1. Plaintiff Muangmol Asanok -- $38,733.00

        2. Plaintiff Bunthom Fakthaisong -- $71,583.00

        3. Plaintiff Manat Inthirit -- $43,908.00

        4. Plaintiff Waeo Kaewsang -- $52,833.00

        5. Plaintiff Sonthaya Kamonkhorn -- $44,833.00

        6. Plaintiff Worawut Khansamrit -- $40,383.00

7. Plaintiff Jaroon Kitjakan -- $38,733.00

8. Plaintiff Chinnawat Kompeemay -- $38,769.00

9. Plaintiff Thongsuk Manichantha -- $49,870.50

10. Plaintiff Poochit Naentaisong -- $46,833.00

11. Plaintiff Suradet Phaengbutdee --$36,090.00

12. Plaintiff Thana Phakhokthom -- $39,090.00

13. Plaintiff Bunmee Phaniphat -- $39,790.50

14. Plaintiff Montree Phothi - $54,820.50

15. Plaintiff Pornpot Phromchuen -- $48,970.50

16. Plaintiff Suppachai Phromwong -- $38,733.00

17. Plaintiff Nathee Simluang -- $38,058.00

18. Plaintiff Somboon Teebnoidee -- $36,783.00

19. Plaintiff Surachai Wannasiri -- $39, 144.00

20. Plaintiff Pradit Wiangkham -- $42,483.00

21. Plaintiff Narin Yiamcharoen -- $56,185.50

22. Plaintiff Surachai Yot On -- $42,558.00

b.  Defendants Millions Express Manpower, Inc, Seo Homsombath, Roy Raynor, Sombourne Chinlasith, and Million Express Manpower, Ltd. are jointly and severally liable to the Plaintiffs in the following amounts for the breach of their employment contracts, plus interest from the date of the judgment until paid:

1. Plaintiff Muangmol Asanok -- $5,989.55

2. Plaintiff Bunthom Fakthaisong -- $5,480.55

3. Plaintiff Manat Inthirit -- $3655.55

4. Plaintiff Waeo Kaewsang -- $9,555.55

5. Plaintiff Sonthaya Kamonkhorn -- $1,135.55

6. Plaintiff Worawut Khansamrit.-- $6,555.55

7. Plaintiff Jaroon Kitjakan -- $5,055.55

8. Plaintiff Chinnawat Kompeemay -- $5,055.55

9. Plaintiff Thongsuk Manichantha -- $1,315.55

10. Plaintiff Poochit Naentaisong -- $5,955.55

11. Plaintiff Suradet Phaengbutde -- $4,655.55

12. Plaintiff Thana Phakhokthom -- $4,455.55

13. Plaintiff Bunmee Phaniphat -- $6,155.55

14. Plaintiff Montree Phothi - $2,655.55

15. Plaintiff Pornpot Phromchuen -- $5,355.55

16. Plaintiff Suppachai Phromwong -- $3,555.55

17. Plaintiff Nathee Simluang -- $4,555.55

18. Plaintiff Somboon Teebnoidee -- $3,255.55

19. Plaintiff Surachai Wannasiri --$4155.55

20. Plaintiff Pradit Wiangkham -- $1,455,55

21. Plaintiff Narin Yiamcharoen -- $2,955.55

22. Plaintiff Surachai Yot On -- $2,055.55

Wherefore, judgment is to be entered against Defendants as follows:

1. Against Defendants Million Express Manpower, Inc. Seo Homsombath, Roy Raynor, Sombourne Chinlasith, and Million Express Manpower, Ltd,

jointly and severally, $95,021.10 to be paid to plaintiffs as set forth above plus interest from the date of judgment until paid; and

2. Against all Defendants, jointly and severally, $979,234.50 to be paid to Plaintiffs as set forth above plus interest from the date of judgment until paid.

SO ORDERED, this __24__ day of __October__, 2009.

*Terrence W. Boyle*
U.S. District Judge